UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **ELLERY CARTER, SID #681667,** § | |
| § | |
| **Petitioner,** § | |
| § | **SA-23-CV-0022-FB** |
| **v.** § | |
| § | |
| **BEXAR COUNTY SHERIFF** § | |
| **JAVIER SALAZAR,** § | |
| § | |
| **Respondent.** § | |

## ORDER OF DISMISSAL

Before the Court is *pro se* Petitioner Ellery Carter's ("Carter") 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. (ECF No. 1). Presumably Petitioner is seeking leave to proceed *in forma pauperis* ("IFP") as he has not paid the filing fee. Upon consideration, Petitioner is **GRANTED** leave to proceed IFP and his Section 2241 Petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

### BACKGROUND

Bexar County records show Carter is currently confined in the Bexar County Adult Detention Center ("BCADC") charged with possession of a controlled substance, four grams to two hundred grams. While confined, Carter filed this Section 2241 Petition seeking his release from confinement. (ECF No. 1).

### DISCUSSION

To warrant habeas relief under Section 2241, a state petitioner must be in custody and must have exhausted all available state remedies. *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484 (1973). Although exhaustion of state remedies is mandated by statute only for post-trial

1

habeas claims under 28 U.S.C. § 2254(b), well-established Fifth Circuit precedent holds that the federal courts should abstain from exercising jurisdiction over pretrial habeas claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). Federal habeas relief should not be used as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

In this case, the trial record reflects that Petitioner has filed a number of *pro se* motions in state court. However, because Petitioner has been represented by counsel throughout his criminal proceedings, he does not have a constitutional right to simultaneously represent himself. *United States v. Lopez*, 313 F. App'x 730, 731 (5th Cir. 2009) (A criminal defendant does not have the right to "hybrid representation.") (citing *United States v. Ogbonna*, 184 F.3d 447, 449 & n. 1 (5th Cir.1999)); *see also Tracy v. State*, 597 S.W.3d 502, 508–09 (Tex. Crim. App. 2020). As a result, the trial court is generally not required to rule on Petitioner's *pro se* motions under these circumstances.

Furthermore, a search of the Texas Court of Appeals website reflects that Carter has not filed a writ of habeas corpus in either the Fourth Court of Appeals or the Texas Court of Criminal Appeals. Consequently, Petitioner fails to show that trial or existing state procedures, including pretrial habeas review, direct appeal, and post-trial state habeas review, are insufficient to protect his constitutional rights or that exceptional circumstances otherwise warrant a departure from the regular judicial procedure. *Dickerson*, 816 F.2d at 226–27 (citing *Braden*, 410 U.S. at 490). Therefore, Petitioner's state court remedies are unexhausted and he shall not be allowed to proceed further.

Moreover, to the extent he seeks dismissal of his charges, Petitioner's claims are subject to application of the *Younger* abstention doctrine. The *Younger* abstention doctrine discourages federal courts from interfering with state criminal proceedings except in extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 45 (1971). The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the [petitioner] has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). All prerequisites for abstention under *Younger* are met in the instant case.

Because Petitioner shows no special or exceptional circumstances warranting this Court's interference, his habeas corpus claims are dismissed without prejudice premised on the failure to exhaust and the *Younger* abstention doctrine.

### CERTIFICATE OF APPEALABILITY

Given Petitioner's failure to exhaust his state court remedies, the court concludes he has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, the Court **DENIES** a certificate of appealability. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (requiring state pre-trial detainee challenging criminal charges pending

against him to obtain a certificate of appealability following district court's denial of petition under 28 U.S.C. § 2241).

It is therefore **ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. §2241 (ECF No. 1), filed by Petitioner, Ellery Carter, is **DISMISSED WITHOUT PREJUDICE** premised on failure to exhaust and the *Younger* abstention doctrine.

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

SIGNED this 31st day of January, 2023.

FRED BIERY
UNITED STATES DISTRICT JUDGE